UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                                           :

LOIS DIGIANNI,                                :   **ORDER DENYING**
                                     Plaintiff,    :   **MOTION TO DISMISS**

       -against-                             :   10 Civ. 3284 (AKH)

NEW YORK CITY DEPARTMENT OF    :
EDUCATION, MICHAEL BLOOMBERG, Mayor :
of New York,                                           :

                                   Defendants.   :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Lois DiGianni, proceeding *pro se*, brings this action pursuant to the Americans with Disabilities Act and Title VII of the Civil Rights Act. She alleges that the Defendants retaliated against her for assisting her son with unspecified employment discrimination claims. The Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's allegations are insufficient to meet the plausibility standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). For the reasons stated below, the Defendants' motion is denied without prejudice.

        Plaintiff claims that the Defendants retaliated against her for assisting her son, William DiGianni, "in filing Title VII Civil Rights complaints for employment discrimination" and for "having helped him pursue his rights for an equal opportunity for an education since at least second grade, through college." Compl. ¶ II.A. She claims that the Defendants "knew that [she] had assisted" her son and that, on October 6, 2009, Defendants retaliated against her when

1

they "denied [her] Graduate PLUS loan – and applied inaccurate and misleading information . . . into the National Student Data Service Bank, to prevent me from getting Graduate PLUS Loans anywhere else." Compl. at 4.

Defendants attack the conclusory nature of Plaintiff's allegations, noting that she fails to specify (1) how she "assisted" her son; (2) the lawsuits that her son allegedly filed; (3) her relationship with the Defendants; (4) how she contends that the Defendants could have played a role in the denial of her federal Graduate PLUS loan; (5) the nature of the allegedly "inaccurate and misleading information" that the Defendants provided to the National Student Loan Data System; or (6) the temporal connection between her allegedly protected conduct and the Defendants' allegedly retaliatory conduct.

The Second Circuit has explained that, even after Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts "remain obligated to construe *pro se* complaints liberally." DiPetto v. U.S. Postal Serv., No. 09-3203-cv, 2010 U.S. App. LEXIS 14184, at *2 (2d Cir. July 12, 2010) (citing Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009)). *Pro se* plaintiffs must allege "sufficient factual allegations to meet the plausibility standard, [but courts] should look for such allegations by reading *pro se* complaints with 'special solicitude' and interpreting them to raise the 'strongest [claims] that they suggest.'" Id. at *3 (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006)).

Considering the liberality with which I must view *pro se* complaints, I deny the Defendants' motion to dismiss. The Defendants shall answer the complaint within 30 days. Thereafter, the Defendants shall serve interrogatories on Plaintiff to resolve the factual issues cited above. After these steps have been taken, the Defendants may, if appropriate, renew their motion to dismiss.

The Clerk shall mark the motion (Doc. No. 11) terminated.

SO ORDERED.

Dated:    August 4, 2010
New York, New York

                              ALVIN K. HELLERSTEIN
                              United States District Judge